UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT WEINMANN, | * | CIVIL ACTION NO. 2:10cv00827 |
| CHAMPION CHRYSLER-DODGE-JEEP, | * | |
| METAIRIE CAPITAL, LLC, AND | * | |
| VETERANS FORD | * | SECTION " J " |
| Plaintiffs | * | |
| | * | JUDGE: CARL BARBIER |
| VERSUS | * | |
| | * | MAGISTRATE |
| ZURICH AMERICAN INSURANCE COMPANY, | * | JUDGE: SALLY SHUSHAN |
| UNIVERSAL UNDERWRITERS INSURANCE | * | |
| COMPANY, DORIS T. BOBADILLA, | * | |
| GALLOWAY, JOHNSON, TOMPKINS, BURR | * | |
| AND SMITH, APLC | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER, EXCEPTIONS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

NOW INTO COURT, through undersigned counsel, come Zurich American Insurance Company ("Zurich") and Universal Underwriters Insurance Company ("Universal"), and in answer to the Petition for Declaratory Judgment and for Damages filed by Robert Weinmann, Champion Chrysler-Dodge-Jeep, and Metairie Capital, LLC d/b/a Veterans Ford aver as follows:

1.

The allegations of fact of Paragraph 1 of the Petition require no answer by Zurich or Universal.

2.

The allegations of fact of Paragraph 2 of the Petition require no answer by Zurich or Universal.

3.

The allegations of fact of Paragraph 3 of the Petition require no answer by Zurich or Universal.

4.

The allegations of fact of Paragraph 4 of the Petition require no answer by Zurich or Universal.

5.

Zurich admits that it is a foreign insurance company authorized to do business and doing business in the State of Louisiana. Universal admits that it is a foreign insurance company authorized to do business and doing business in the State of Louisiana. The remaining allegations of fact of Paragraph 5 of the Petition require no answer by Zurich or Universal.

6.

Zurich admits that it issues policies of commercial property and liability insurance in the State of Louisiana. However, Zurich denies that it issued a policy of commercial property and liability insurance under which any of the plaintiffs are insured during the time periods referenced in the Petition. Zurich avers that Universal, a separate legal entity, issued a policy of insurance to Champion Chrysler-Dodge- Jeep as the first named insured for the period 12/10/03 to 12/10/2004, which policy is the best evidence of its terms, conditions, limitations and exclusions.

7.

Universal admits that it is a Kansas corporation engaged in the insurance business with a statutory home office at 7045 College Blvd., Overland Park, KS. Universal is a wholly owned

subsidiary of Zurich American Insurance Co., a New York corporation. Universal is authorized to do business and does business in the State of Louisiana. Universal issued a commercial property and liability insurance policy to Champion Chrysler-Dodge-Jeep as the first named insured for the period 12/10/03 to 12/10/2004, which policy is the best evidence of its terms, conditions, limitations and exclusions. Universal pleads all terms, conditions, limitations and exclusions of said policy as if set forth herein *in toto*. The remaining allegations of fact of Paragraph 8 of the Petition are denied.

9.

The allegations of fact of Paragraph 9 of the Petition are admitted.

10.

The allegations of fact of Paragraph 10 of the Petition are admitted.

11.

The allegations of fact of Paragraph 11 of the Petition require no answer by Zurich or Universal, but in an abundance of caution are denied for lack of knowledge or information sufficient to justify a belief therein.

12.

The Unicover policy issued to Champion Chrysler-Dodge-Jeep as the first named insured for the period 12/10/03-12/10/04 was issued by Universal. The remaining allegations of fact of Paragraph 12 of the petition are denied.

13.

The Unicover policy issued to Champion Chrysler-Dodge-Jeep as the first named insured for

the period 12/10/03-12/10/04 was issued by Universal. The remaining allegations of fact of Paragraph 13 of the petition are denied.

14.

Universal admits that it issued a Unicover policy to Champion Chrysler-Dodge-Jeep as the first named insured for the period 12/10/03-12/10/04.

15.

Universal admits that the policy it issued to Champion Chrysler-Dodge-Jeep as the first named insured for the period 12/10/03-12/10/04 bears policy number 257186. The remaining allegations of fact of Paragraph 15 of the Petition are denied.

16.

The allegations of fact of Paragraph 16 of the Petition are admitted.

17.

Zurich and Universal aver that the pleadings in the matter entitled *John Prindle v. Weinmann, individually and d/b/a Weinmann, Inc., Regency Motors of Metairie, LLC and Metairie Capital, LLC*, 24th JDC No. 608-382 are the best evidence of who was sued by John Prindle.

18.

Zurich and Universal aver that the pleadings in the matter entitled *John Prindle v. Weinmann, individually and d/b/a Weinmann, Inc., Regency Motors of Metairie, LLC and Metairie Capital, LLC* 24th JDC No. 608-382, are the best evidence of the allegations against Robert Weinmann and the other defendants. Zurich and Universal further note that John Prindle set forth

claims for detrimental reliance, defamation and failure to pay wages in violation of Louisiana law.

19.

Defendants admit that in late December 2004 Tammy Hemard, executive assistant to Robert Weinmann forwarded a letter notifying Universal that a suit had been filed by John Prindle against Metairie Capital, LLC d/b/a Veterans Ford and Robert Weinmann, that company had been served and a response had been filed, and that several unsuccessful attempts were made to serve Robert Weinmann. The remaining allegations of fact of Paragraph 19 of the Petition are denied for lack of knowledge or information sufficient to justify a belief therein.

20.

The allegations of fact of Paragraph 20 of the Petition are admitted.

21.

The allegations of fact of Paragraph 21 of the Petition are admitted.

22.

Universal avers that the letter it issued dated January 5, 2005 [sic 2006] is the best evidence of its contents. Universal admits that according to information provided by the plaintiffs, Metairie Capital, LLC, d/b/a Veterans Ford along with employee Robert Weinmann became part of the Champion Chrysler-Dodge-Jeep family on December 10, 2003. Universal denies that it provided coverage for claims against Metairie Capital, LLC d/b/a Veterans Ford and Robert Weinmann which arose prior to the date that Metairie Capital, LLC d/b/a Veterans Ford became a part of the Champion Chrysler-Dodge-Jeep family including, but not limited to, losses suffered by Prindle as a result of

5

not taking business opportunities because of reliance on perceived assurances by any defendants. Universal denies that it provided coverage or a defense for claims against Weinmann, Inc. and/or Regency Motors of Metairie, LLC, or that these entities were insured under the Universal policy.

23.

Universal avers that the letter it issued dated January 5, 2005 [sic 2006] is the best evidence of its contents. Universal avers that the policy forms it issued set forth the terms, conditions, limitations, exclusions, deductibles and self-insured retentions, which policy is the best evidence of its contents. In addition to a $1,000 deductible, the policy imposed a $150,000 per occurrence self-insured retention with an annual aggregate of $150,000.00 . (Endt. No. 301).   Universal avers that no oral communications between representatives of Universal and plaintiffs during the course of a mediation in the *Prindle* case altered or varied any terms, conditions, limitations, exclusions, deductibles or self-insured retentions under the policy.  Universal avers that the letter it issued dated Janaury 5, 2005 [sic 2006] identified other restrictions on purported coverage under the policy and advised plaintiffs that their other insurers had equal duties to defend plaintiffs against the claims.

24.

The allegations of fact of Paragraph 24 of the Petition are admitted.

25.

Mr. Gelsinger attended the mediation on behalf of Universal. Ms. Bobadilla attended the mediation on behalf of Metairie Capital, LLC d/b/a Veterans Ford and Mr. Weinmann in his capacity as an officer, director or employee of Metairie Capital, LLC.  Zurich was not a party to the *Prindle*

suit and did not attend the mediation. Mr. Buras attended the mdeidation on behalf of John Prindle. The remaining allegations of Paragraph 25 of the Petition are denied.

26.

The allegations of fact of Paragraph 26 of the Petition are denied as written. Universal denies that at the mediation it indicated that it was offering any sums to settle claims against defendants which were not insured under the Universal policy. The only defendants insured under the Universal policy were Metairie Capital, LLC d/b/a Veterans Ford and Mr. Weinmann in his capacity as an officer, director or employee of Metairie Capital, LLC.

27.

The allegations of fact of Paragraph 27 of the Petition are denied for lack of knowledge or information sufficient to justify a belief therein.

28.

Universal denies that the policy terms, conditions, limitations, exclusions, deductibles and self-insured retention were modified by any oral statement during the course of the mediation. Universal further avers that in addition to a $1,000 deductible per claim under the policy, there is a self-insured retention of $150,000 per occurrence with an annual aggregate of $150,000. Universal avers that any communication with Mr. Weinmann with respect to the $1,000 deductible did not invalidate or waive the $150,000 per occurrence self-insured retention.

29.

Universal admits that there is a $150,000 per occurrence self-insured retention and a

$150,000 annual aggregate applicable to all claims under the policy. Universal avers that the plaintiffs were at all times aware of the $150,000 self-insured retention, having negotiated for a large self-insured retention in exchange for a greatly reduced premium for the policy.

30.

Universal denies that the policy terms, conditions, limitations, exclusions, deductibles and self-insured retentions were modified by any oral statements made during the course of the mediation. Universal avers that in addition to a $1,000 deductible per claim, there is a self-insured retention of $150,000 per occurrence with an annual aggregate of $150,000. Universal avers that any communications to Mr. Weinmann with respect to the $1,000 deductible did not invalidate or waive the $150,000 per occurrence self-insured retention under the policy.

31.

It is denied that Mr. Weinmann "reasonably relied" on any oral statements during the mediation with respect to limits of exposure as Mr. Weinmann was aware of *and acknowledged his awareness* of the fact that the self-insured retention under the policy was $150,000 per claim with a $150,000.00 annual aggregate. Plaintiffs did not "change their position to their detriment" as Universal had full authority to settle all claims without the consent of plaintiffs.

32.

Universal denies that there was any agreement between Universal and plaintiffs to waive or alter the $150,000 per claim self-insured retention under the Universal policy. Universal admits that at the mediation the *Prindle* litigation settled for $112,500, which agreement was reduced to writing. Universal admits that pursuant to the settlement agreement it paid to John Prindle $112,500.00.

33.

The allegations of fact of Paragraph 33 of the Petition are admitted.

34.

The allegations of fact of Paragraph 34 of the Petition are denied as written. The deductible per claim is $1,000. In addition to the deductible, there is a $150,000 per occurrence self-insured retention with a $150,000.00 annual aggregate.

35.

It is admitted that a billing statement was issued on behalf of Universal for reimbursement of $92,254 pursuant to the terms and conditions of the policy, specifically the self insured retention endorsement (Endt. 301) with respect to the self-insured retention and reimbursement by the insured.

36.

Universal admits that under the terms of the Self-Insured Retention Endorsement (Endt. 301), it is entitled to reimbursement from Champion Chrysler Dodge Jeep as the first named insured in the amount of $92,254.00.

37.

The allegations of fact of Paragraph 37 of the Petition are denied. Universal avers that under the Self-Insured Retention Endorsement (Endt. 301) to its policy it is entitled to recover from Champion Chrysler Dodge Jeep as the first named insured the sum of $92,254 out of $112,500 paid to settle the claims by John Prindle.

38.

The allegations of fact of Paragraph 38 of the Petition are denied. The Universal policy states in the Self-Insured Retention Endorsement (Endt. 301) that Champion Chrysler Dodge Jeep as the

9

first named insured is contractually obligated to reimburse Universal for sums within the $150,000.00 per occurrence retention, subject to an annual aggregate limit of $150,000.00. Champion Chrysler Dodge Jeep as the first named insured owes Universal $92,254.00.

39.

The allegations of fact of Paragraph 39 of the Petition are denied. Plaintiffs did not change their position to their detriment as a result of any acts by defendants. The terms, conditions, limitations, exclusions, deductibles and self-insured retention endorsements of the policy, including the $150,000 per occurrence self-insured retention with a $150,000.00 annual aggregate form the basis for the premiums charged by Universal for the policy. In addition, plaintiffs had no right to object to, nor was plaintiffs' consent required, to any settlement by Universal with John Prindle.

40.

The allegations of fact of Paragraph 40 of the Petition are denied. Under the policy terms and Louisiana law no oral statements at the mediation changed any of the terms, conditions, limitations, exclusions, deductibles and self-insured retention in the policy. The policy states that the only way it may be changed is by Universal issuing an endorsement or substituting the Declarations, neither of which were done. Unicover Policy, Page 6- Changes.

41.

The allegations of fact of Paragraph 41 of the Petition require no answer by these defendants, but in an abundance of caution are denied. The policy specifically states that Champion Chrysler Dodge Jeep as the first named insured is responsible for reimbursement of amounts paid by Universal within the self-insured retention.

42.

The allegations of fact of Paragraph 42 of the Petition are denied as written. Champion Chrysler-Dodge-Jeep was not a defendant in the *Prindle* litigation. Ms. Bobadilla was one of the attorneys assigned to represent Metairie Capital, LLC and Mr. Weinmann.

43.

The allegations of fact of Paragraph 43 of the Petition require no answer by these defendants.

44.

The allegations of fact of Paragraph 44 of the Petition require no answer by these defendants, but in an abundance of caution are denied.

45.

The allegations of fact of Paragraph 45 of the Petition require no answer by these defendants, but in an abundance of caution are denied.

46.

The allegations of fact of Paragraph 46 of the Petition require no answer by these defendants but in an abundance of caution are denied.

AND NOW, in further answer to the Petition, and as exceptions and affirmative defenses Zurich and Universal aver as follows.

47.

**NO PRIVITY OF CONTRACT**

Zurich denies that it issued a policy of insurance to any of the plaintiffs during the time period in question. Zurich denies that it has a contractual or quasi-contractual relationship with

plaintiffs upon which they may base a petition for a declaratory judgment and damages.

48.

**Universal Has A Contractual Right To Recovery Of $92,254.00**

The Universal policy, Endorsement No. 301 entitled "Retention Aggregate Changes to Policy" changes the policy to include under General Conditions, Definitions, the following:

> "Loss Adjustment Expense" means expenses for independent adjusters, legal expenses and court costs in connection with the investigation, defense or settlement of any loss or occurrence. "Retained Amount" means the portion of each loss, occurrence or adjusting expense that you agree to reimburse us as indicated in the Declarations. "Retention Aggregate" means the amount indicated in the policy Declarations as the retention aggregate. This amount only applies to coverage parts for which this endorsement is displayed in the Declarations.

The following General Conditions are added:

> <u>Retention aggregate</u>. If we pay for loss or damages or loss adjustment expenses to you or to others on your behalf you agree to reimburse us for each loss, damage or loss adjustment expenses that we pay subject to the retained amount and retention aggregate. Deductibles–coinsurance participation percentages and other provisions that you are required to pay will not be credited towards your retained amount obligation or your retention aggregate obligation. Your reimbursement obligation to us under the retention aggregate applies to all claims, payments made by us under applicable coverage part. Regardless of the number of losses or occurrences within the policy period, the most that you are required to reimburse us during any one policy period is the retention aggregate . . .

The Declarations, Page 1.A. Garage Operations and Auto Hazard, Part 500, lists a retention aggregate of $150,000 per occurrence, $150,000 annual aggregate as applying to all items in Coverage Part 500. The Declarations, Part 950, General Liability, reflect a retention aggregate of

$150,000 per occurrence under the General Liability Part and a $150,000 annual aggregate as applying to all items in the General Liability Coverage Part.

49.

The Universal policy, garage operations and general liability parts, include sections entitled "Deductibles" which state that for the amounts payable for injury other than Group 6, Universal will deduct the amount shown in the Declarations from each occurrence. The Declarations under auto, garage operations and general liability parts state that the deductible is $1,000 per occurrence. Thus in addition to the self-insured retention of $150,000 per occurrence subject to a $150,000.00 annual aggregate, Universal is entitled to recover the deductible of $1,000 per occurrence from the plaintiffs.

50.

A deductible of $1000.00 and a per occurrence retention of $150,000.00 subject to a $150,000.00 annual retention aggregate apply to the claims by John Prindle. The amount due Universal after taking into account annual aggregate retention limits is $92,254.00, which amount is due from Champion Chrysler Dodge Jeep as first named insured.

51.

**FAILURE TO STATE A CLAIM FOR DETRIMENTAL RELIANCE**

The plaintiffs failed to state a claim for which relief can be granted under La. Civ. Code art. 1967 for detrimental reliance as the plaintiffs cannot show that they "justifiably relied" on any conduct or statements by any representative of Universal and changed their position to their detriment. The Universal policy states that a self-insured retention of $150,000 per claim applies, and plaintiffs admit that they were aware of the self-insured retention. Plaintiffs negotiated for and

paid reduced premiums in exchange for the $150,000 per occurrence self-insured retention.

52.

**FAILURE TO STATE A CLAIM FOR DETRIMENTAL RELIANCE**

The plaintiffs did not "change their position to their detriment" in reliance on any conduct or word as Universal at all times had the sole discretion and authority to settle any claims as against the plaintiffs, without their consent. A party purchasing a liability policy that does not contain a "consent to settle" clause agrees to accept the insurer's view concerning the point at which the benefits of settlement exceed the risk of continuing litigation. Thus under the Universal policy the plaintiffs could not have "changed their position to their detriment" as they had no right to object to the settlement. Moreover, plaintiffs admit in their Petition that they agreed to the settlement. The plaintiffs are simply trying to avoid their obligations under the self-insured retention endorsement.

53.

**ANY "RELIANCE" WAS PER SE "UNREASONABLE"**

Under the provisions of the policy and Louisiana law, any alleged reliance by the plaintiffs on statements during the course of mediation was per se unreasonable. The policy states that the only way the policy can be changed is in Universal Underwriters issuing an endorsement or substituting the Declarations, signed by a Universal Underwriters representative. Unicover Policy, Page 6- Changes. The policy states that nothing else will change the policy, waive any of its terms, or estop Universal from asserting any of its rights, not even notice to or knowledge learned by one of Universal's representatives. By accepting the policy the plaintiffs agreed that all agreements between Universal and the insured are included in the policy and the Declarations as issued. *Drs. Bethea, Moustoukes and Weaver, LLC v. St. Paul Guardian, Inc.*, 376 F. 3d 399 (5th Cir. 2004).

54.

**BY LAW THE POLICY WAS NOT CHANGED**

These policy provisions are consistent with LSA-R.S. 22:628 which states that no agreement in conflict with, modifying or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated into the policy or other written evidence of insurance by reference to another policy or written evidence of insurance.  Any alleged reliance on purported oral statements by representatives of Universal at the mediation was unreasonable in light of the clarity of the policy and the provisions of Louisiana law requiring that any change to policy terms, conditions, limitations or exclusions be in written form and incorporated into the policy. *Drs. Bethea, Moustoukes and Weaver, LLC v. St. Paul Guardian, Inc.*, 376 F. 3d 399 (5th Cir. 2004).

55.

**THE SELF INSURED RETENTION PROVISIONS WERE NOT WAIVED**

Under Louisiana law a deductible or self-insured retention provision is not a preliminary provision subject to waiver by the insurer, particularly where the insurer has the unfettered discretion to settle claims against the insured without the insured's consent. *Thomas v. Gallant Insurance Co.*, 789 So. 2d 74 (La. App 4 Cir. 2001).   Champion Chrysler Dodge Jeep as the first named insured as a matter of law must reimburse Universal $92,254.00 with respect to the *Prindle* claim.

56.

**UNCLEAN HANDS**

The Self-Insured Retention Endorsement and deductible provisions in the Universal

Underwriters policy were the result of arms-length negotiations between the parties which resulted in savings in premiums to the plaintiffs. The Self-Insured Retention Endorsement and deductible provisions are valid and enforceable as against the plaintiffs.  The failure of Champion Chrysler Dodge Jeep as the first named insured to pay the self-insured retention amount is a breach of the policy, which bars plaintiffs from advancing these claims under the doctrine of unclean hands.

57.

**ERROR OR MISTAKE**

Any alleged error or mistake by Universal representatives with respect to computing the amount to be paid by  Champion Chrysler Dodge Jeep as the first named insured under the self insured retention and deductible provisions of the policy was a mutual error or mistake as plaintiffs were aware of the $150,000 per occurrence self insured retention.  Plaintiffs may not take advantage of such mutual error or mistake.

58.

**NO RIGHT OF ACTION**

Under the specific provisions of the Self Insured Retention Endorsement (Endt. 301) Champion Chrysler Dodge Jeep as the first named insured is required to pay amounts payable under the terms of the endorsement on behalf of all insureds. Only Champion Chrysler Dodge Jeep as the first named insured has the right to bring an action against Universal with respect to payments under the Self Insured Retention Endorsement.  Metairie Capital, LLC d/b/a Veterans Ford and Mr. Weinmann in his capacity as an officer, director or employee of Metairie Capital, LLC do not have a right of action against Universal with respect to self insured retention reimbursements.

59.

**ESTOPPEL**

At all pertinent time plaintiffs were aware that the Universal policy included a self insured retention of $150,000.00 per occurrence subject to an annual aggregate of $150,000.00. Plaintiffs are estopped from claiming that any oral statement by a Universal representative during the course of a mediation modified the terms and conditions of the written policy.

60.

**WANT OF CONSIDERATION**

The premium for the policy issued by Universal was based on, inter alia, the large per occurrence self insured retention. Any claim that the policy was modified to eliminate the large self insured retention by oral representations by a Universal representative at the mediation fails for want of consideration as plaintiffs did not pay a premium commensurate with dollar one coverage, nor did plaintiffs pay any other consideration for such a purported change to the policy provisions.

AND NOW comes Universal Underwriters Insurance Co., a Kansas corporation authorized to transact business and transacting business in the State of Louisiana, and for its Counterclaim against Champion Chrysler Dodge Jeep as the first named insured respectfully represents:

61.

Universal issued a property and liability policy to Champion Chrysler-Jeep-Dodge as the first named insured for the period 12/10/03-12/10/04 under policy number 257186.

62.

The Universal policy Endorsement No. 301-Retention Aggregate states that

> If Universal pays for any loss or damages or loss adjustment expenses to you or to others on your behalf, you agree to reimburse us for each loss, damage or loss adjustment expenses that we pay, subject to the retained amount and retention aggregate. Deductible–co-insurance participation percentages and other provisions that you are required to pay will not be credited toward your retained amount obligation or your retention aggregate obligation. Your reimbursement obligation to us under the retention aggregate applies to all claims, payments made by us under applicable coverage parts. Regardless of the number of losses or occurrences within the policy periods, the most that you are required to reimburse us during any one policy period is the retention aggregate.

63.

The Declarations to the Universal policy, Page 1H, Garage Operations and Auto Hazard Part 500 list a deductible of $1000.00 per claim and a retention aggregate of $150,000 per occurrence, $150,000 annual aggregate applying to all items in Coverage Part 500. The Declarations, Part 950E, General Liability, list a deductible of $1000.00 per claim and a retention aggregate of $150,000 per occurrence under the General Liability Part and a $150,000 annual aggregate as applying to all items in the General Liability Coverage Part.

64.

In June 2004 John Prindle sued Metairie Capital, LLC d/b/a Veterans Ford, Robert Weinmann, individually and doing business as Weinmann, Inc., and Regency Motors of Metairie, LLC in the 24th Judicial District Court for the Parish of Jefferson, No. 608-382.

65.

In December 2004 Universal was notified by Robert Weinmann that suit had been filed by John Prindle against Metairie Capital, LLC d/b/a Veterans Ford and Robert Weinmann, that the company had been served and a response filed, and that several unsuccessful attempts were made to serve Robert Weinmann.

66.

Universal appointed Doris Bobadilla, Esq. and Galloway Johnson to represent the interests of Metairie Capital, LLC d/b/a Veterans Ford and Robert Weinmann in his capacity as an officer and employee of Metairie Capital, LLC d/b/a Veterans Ford, with respect to the claims by John Prindle.

67.

In February 2009 a mediation was conducted among the various parties to the *Prindle* litigation, which resulted in a settlement in the sum of $112,500 paid by Universal to John Prindle.

68.

After taking into account the $1000.00 deductible and the $150,000 per occurrence self-insured retention with a $150,000 annual aggregate, Universal determined that it was entitled to reimbursement of $92,254.00 out of the $112,500.00 paid to Prindle.

69.

Under the Self-Insured Retention Endorsement (Endt. 301) "reimbursement is due immediately when you receive notice that we have made payment within the retention aggregate..."

70.

Under the terms of the Self-Insured Retention Endorsement (Endt. 301) "Named Insured 01" is required to pay amounts payable under the terms of this endorsement on behalf of all insureds.

71.

"Named Insured 01" under the Universal policy is Champion Chrysler-Dodge-Jeep.

72.

Universal is entitled to recover from Champion Chrysler-Dodge-Jeep the sum of $92,254.00, with interest from date due until paid, and all costs of these proceedings.

WHEREFORE, Zurich American Insurance Co. and Universal Underwriters Insurance Co. pray that after due proceedings are had there be judgment in their favor and against the plaintiffs, dismissing the claims by the plaintiffs, with prejudice, at plaintiffs' cost.

WHEREFORE, Universal Underwriters Insurance Co. prays that after due proceedings are had there be judgment in its favor and against Champion Chrysler-Dodge-Jeep in the sum of $92,254.00, together with legal interest from date due until paid, and all costs of these proceedings.

Respectfully Submitted,
GAUDRY, RANSON, HIGGINS &
GREMILLION, L.L.C.

/s/   Michael D. Peytavin
THOMAS L. GAUDRY, JR. (#5980)
MICHAEL D. PEYTAVIN, T.A. (#14315)
401 Whitney Avenue, Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax:    (504) 362-5938
Counsel for Zurich American Insurance Company and Universal Underwriters Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/    Michael D. Peytavin
Michael D. Peytavin (#14315)

G:\0262\2019\PLEADINGS\answer and affirmative defenses.wpd