UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WEINMANN ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-827 |
| ZURICH AMERICAN INSURANCE CO. ET AL. | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Defendants Doris T. Bobadilla, Esq. and law frm of Galloway, Johnson, Tompkins, Burr & Smith, APLC ("the Firm")'s Motion for Summary Judgment (Rec. Doc. 12). Plaintiffs Champion Chrysler Dodge Jeep, Metairie Capital, LLC, and Robert Weinmann ("Weinmann and the companies") filed a Response/ Memorandum in Opposition (Rec. Doc. 18). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' **Motion for Summary Judgment (Rec. Doc. 12)** should be **GRANTED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

In January of 2005, Bobadilla and her Firm were retained by Universal Underwriters Group ("Universal") to represent Metairie

1

Capital LLC d/b/a Veterans Ford and Robert Weinmann, as its employee, in the litigation involving various employment-related claims filed by John Prindle in Louisiana state court ("the Prindle litigation"). On February 2, 2009, the parties to the Prindle litigation participated in a mediation. Present at that mediation were Robert Weinmann, Bobadilla, and Peter Gelsinger, the Universal claims representative. During the mediation, Robert Weinmann questioned Gelsinger as to the amount of the deductible that would have to be paid in the event that the litigation was settled. Weinmann stated to Gelsinger that he thought, based on previous correspondence received from Universal, that there was a $150,000 deductible under the Universal coverage. Gelsinger informed Weinmann that his claims file reflected that there was only a $1,000 deductible for the claims asserted in the Prindle litigation. The Prindle litigation was settled at this mediation for the sum of $112,500.

It is undisputed that neither Bobadilla nor the Firm had ever received any correspondence prior to the mediation which indicated that Weinmann and the companies' deductible for the claim involved in the Prindle litigation was $150,000. Neither Weinmann nor Gelsinger requested that Bobadilla or the Firm provide any legal advice at the mediation as to what deductible,

2

if any, was owed by Weinmann in the event that the <u>Prindle</u> litigation was settled. On or about February 3, 2009, the day after the mediation was completed, Bobadilla became aware that Gelsinger had advised Weinmann and the companies that the loss occurred during the first policy year with Universal. Gelsinger further advised Plaintiffs that they had not met the aggregate deductible for that policy year, so that they had a $150,000 program deductible per claim which was to be applied to the <u>Prindle</u> settlement. In response to his request for her opinion on this newly-arisen deductible dispute, Bobadilla advised Weinmann that neither she nor the Firm had been retained to provide coverage opinions to Weinmann or Universal in the <u>Prindle</u> litigation, and that he would have to seek separate counsel on this issue. Bobadilla also advised Universal that neither she nor the Firm could provide legal advice to it regarding the dispute over the deductible. Weinmann retained Dane Ciolino, Esq. to obtain legal advice regarding insurance coverage matters, including the deductible dispute at issue herein, and Weinmann's rights going forward with the settlement.

Because the original Settlement Agreement confected at the mediation required that the settlement be funded by defendants within seven days of the agreement, which Settlement Agreement

Universal agreed to abide by, and because counsel for John Prindle refused to extend that deadline for settlement fund transfer, Universal funded the entire settlement in order to comply with the deadline. Universal has not instituted legal action against Weinmann to recover the disputed deductible. Rather, Weinmann has brought the instant action seeking a declaratory judgment that Universal is not entitled to any additional money with regard to the deductible dispute. Plaintiffs alternatively alleged that, in the event that Weinmann owes additional money, the liability should be borne by Bobadilla and the Firm, as their representation of Weinmann breached the applicable standard of care. Bobadilla and the Firm filed the instant motion for summary judgment.

**THE PARTIES ARGUMENTS:**

Defendants argue that they are entitled to summary judgment because Plaintiffs will not be able to prevail on their legal malpractice claim. Insurance coverage issues were outside of Defendants' scope of representation, thus they had no duty to provide counsel on the deductible issue. Further, Defendants assert that their actions/inactions were not the cause-in-fact of Plaintiffs' alleged harm.

Conversely, Plaintiffs aver that they have established a

*prima facie* case of legal malpractice. Plaintiffs' opposition brief does not address the scope of Defendants' representation; rather, Plaintiffs generally state that a Louisiana lawyer owes a client the duty to exercise a degree of care, skill, and diligence exercised by prudent practicing attorneys in his locality and that the "relevant duty . . . was breached" (Rec. Doc. 18, at 6). Plaintiffs argue that once the *prima facie* case has been established, the burden shifts to the defendant attorney to prove that the client could not have succeeded on the original claim. Further, Plaintiffs contend that the mistakes committed by Bobadilla and her firm were a significant cause of the resulting harm.

**DISCUSSION:**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or

5

weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element

of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

To prevail on a legal malpractice claim in Louisiana, a plaintiff must demonstrate that there was an attorney-client relationship; that the attorney was negligent in his representation; and that the attorney's negligence resulted in harm to the client. Costello v. Hardy, 03-1146, p. 9 (La. 1/21/04), 864 So.2d 129, 138. The standard of practice that an attorney must exercise in the representation of his client is that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. Ramp v. St. Paul Fire and Marine Insurance Company, 269 So.2d 239, 244 (La. 1972). "Of course, there can be no cognizable negligence absent a duty to act." Curb Records v. Adams & Reese, LLP, et al., No. 98-31360, 203 F.3d 828, 1999 WL 1240800, *4 (5th Cir. 11/29/1999).

Weinmann cannot establish a *prima facie* case of legal malpractice against Bobadilla and the Firm because matters

regarding insurance deductible was not within the scope of representation. Defendants allege and Plaintiffs do not dispute that Bobadilla and her firm were hired to defend Weinmann and companies on the merits of the <u>Prindle</u> litigation. Plaintiffs do not challenge that Defendant attorneys were hired by Plaintiffs' insurance company. Plaintiffs in this case appear sophisticated enough to recognize that the scope of representation did not extend to coverage issues. Indeed, as soon as Weinmann learned about the deductible dispute, he hired his own attorney. Moreover, it is quite common for insurance companies to provide counsel to defend the merits of the litigation brought against the insured. Extending such representation to coverage issues would result in a conflict of interests. Because the scope of representation was clearly limited to the merits of the <u>Prindle</u> litigation, Bobadilla and the firm had no duty to advise the Plaintiffs on the issues of coverage. Thus, the Court concludes that Defendants met their burden in demonstrating that there is insufficient evidence in the record with respect to an essential element of Plaintiffs' claim. Plaintiffs did not submit or refer to any evidence to show that Bobadilla and the Firm were negligent in their representation of Weinmann, thus they cannot maintain a claim for legal malpractice.

Accordingly, **IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Rec. Doc. 12)** is **GRANTED. IT IS FURTHER ORDERED** that the oral argument currently set for September 15, 2010 is **CANCELLED.**

New Orleans, Louisiana this 13th day of September, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE